UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BURAS,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SANTA ROSA, et al.,<br><br>    Defendants. | Case No. 15-cv-01070-TEH<br><br>**ORDER OVERRULING DEFENDANTS' EVIDENTIARY OBJECTIONS** |

This matter is before the Court on Defendants' motion for summary judgment. Defendants' three-page reply brief argues that the testimony of witness Sirkka Erkkila and portions of Plaintiff Mark Buras's declaration "should be deemed unreliable." Reply at 2-3. More specifically, Defendants' concurrently filed evidentiary objections contend that Buras's declaration is "self-serving" and "sham," and that Erkkila "Cannot be Credited" because her "line of sight . . . was blocked by the Dodge Ram truck." Evid. Obj. at 1-6.

However, Buras's challenged testimony is not the sort of "self-serving declaration that states only conclusions and not facts that would be admissible evidence," and "the district court may not disregard a piece of evidence at the summary judgment stage solely based on its self-serving nature." *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015). Nor have Defendants identified any "clear and unambiguous" inconsistencies between Buras's declaration and any prior sworn testimony. *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998-99 (9th Cir. 2009). Defendants might question Buras's credibility as a witness, but that is a question for the jury to decide. Likewise, whether Erkkila could or could not have seen what happened to Buras is a factual question for the jury. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 255 (1986).  Accordingly, Defendants' evidentiary objections are OVERRULED.

Given the emphasis on the evidentiary objections in Defendants' reply, it appears that Defendants might agree that summary judgment would be improper now that the Court has rejected those objections.  Therefore, on or before **August 8, 2016**, Defendants shall file a supplemental brief (a) identifying which, if any, issues in their summary judgment motion they believe are not foreclosed by the Court's evidentiary rulings and (b) addressing the arguments raised in Buras's opposition on any such issues.  To allow sufficient time for the Court to consider the supplemental briefing, the motion hearing is continued from August 15, 2016, to **August 22, 2016, at 10:00 AM**.

**IT IS SO ORDERED.**

Dated:   08/02/16

THELTON E. HENDERSON
United States District Judge

2