UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK BURAS,

    Plaintiff,

v.

CITY OF SANTA ROSA, et al.,

    Defendants.

Case No. 15-cv-01070-TEH

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Mark Buras contends that his Fourth Amendment rights were violated by Defendants Brett Siwy, Michael Paetzold, and the City of Santa Rosa when he was searched and arrested on July 17, 2014.[1] His complaint asserts violations of 42 U.S.C. § 1983, as well as various state laws.

Defendants filed a motion for summary judgment on all claims, but their three-page reply focused primarily on evidentiary objections. The Court overruled those objections and ordered Defendants to "file a supplemental brief (a) identifying which, if any, issues in their summary judgment motion they believe are not foreclosed by the Court's evidentiary rulings and (b) addressing the arguments raised in Buras's opposition on any such issues." Aug. 2, 2016 Order at 2. Defendants filed a timely brief stating that two issues remain: first, whether Plaintiffs' claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), following his no contest plea to a violation of California Health and Safety Code section 11377(a); and, second, whether Defendant City of Santa Rosa is entitled to judgment as a matter of law. After carefully reviewing the parties' written arguments, the Court finds these issues suitable for resolution without oral argument, *see* Civil L.R. 7-1(b), and now GRANTS IN PART and DENIES IN PART Defendants' motion as discussed below.

---

[1] Siwy and Paetzold are officers of the Santa Rosa Police Department. The complaint also names the Santa Rosa Police Department as a defendant but asserts no claims against it. The Court does not detail Buras's factual allegations because they are not material to the pending motion.

**LEGAL STANDARD**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* The court may not weigh the evidence and must view the evidence in the light most favorable to the nonmoving party. *Id.* at 255.

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings or materials in the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it "must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). However, on an issue for which its opponent will have the burden of proof at trial, the moving party can prevail merely by "pointing out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial to defeat the motion. *Anderson*, 477 U.S. at 250.

**DISCUSSION**

**I.   *Heck v. Humphrey***

The Court first considers Defendants' argument that Buras's claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed

1   unless the plaintiff can demonstrate that the conviction or sentence has already been
2   invalidated." *Id.* at 487.
3       Although the Ninth Circuit has previously applied *Heck* to bar claims following a
4   no contest plea, *e.g.*, *Szajer v. City of Los Angeles*, 632 F.3d 607 (9th Cir. 2011), a more
5   recent case, *Lockett v. Ericson*, 656 F.3d 892 (9th Cir. 2011), has called that practice into
6   question. In *Lockett*, the plaintiff filed a § 1983 complaint contending that officers
7   violated his Fourth Amendment rights when they entered his home to obtain evidence of
8   driving under the influence. *Id.* at 893. His motion to suppress the evidence was denied,
9   and he subsequently entered a plea of nolo contendere to a lesser offense. *Id.* at 895. The
10  district court dismissed the case based on *Heck*, but the Ninth Circuit reversed, concluding
11  that:

> He was not tried, and no evidence was introduced against him. Therefore, . . . Lockett's conviction derives from his plea, not from a verdict obtained with supposedly illegal evidence. The validity of Lockett's conviction does not in any way depend on the legality of the search of his home. We therefore hold that *Heck* does not bar Lockett's § 1983 claim.

*Id.* at 897 (alterations, quotation marks, and citations omitted). The Ninth Circuit has since cited *Lockett* with approval as "holding that a plaintiff who pled *nolo contendre* to reckless driving was not *Heck*-barred from bringing a § 1983 claim based on an alleged unlawful search because the outcome of the claim had no bearing on the validity of the plaintiff's plea." *Jackson v. Barnes*, 749 F.3d 755, 760 (9th Cir. 2014).

As two other district courts have observed, the *Lockett* court did not mention prior precedent "or purport to expressly overrule them, even though *Szajer* was decided only months earlier." *Cooley v. City of Vallejo*, Case No. 2:14-cv-0620-TLH-KJN PS, 2014 WL 3749369, at *4 (E.D. Cal. July 29, 2014); *see also Leon v. San Jose Police Dep't*, Case No. 5:11-cv-05504 HRL, 2013 WL 5487543, at *3-4 (N.D. Cal. Sept. 30, 2013). Nonetheless, these courts followed *Lockett* as binding Ninth Circuit precedent. *Cooley*, 2014 WL 3749369, at *4; *Leon*, 2013 WL 5487543, at *4; *accord Ellis v. Thomas*, Case No. 14-cv-00199-JCS, 2015 WL 5915368, at *5 (N.D. Cal. Oct. 9, 2015). Another district

3

1 court declined to follow *Lockett* where "Plaintiff assert[ed] claims for malicious
2 prosecution against the charging prosecutors" and not claims "related to the methods used
3 by police to obtain evidence." *Kowarsh v. Heckman*, Case No. 14-cv-05314-MEJ, 2015
4 WL 2406785, at *8 (N.D. Cal. May 19, 2015). Here, however, the claims fall into the
5 latter category and are indistinguishable from the claims asserted in *Lockett*, which is
6 directly on point and binding on this Court. Like Lockett, Buras "challenge[s] the search
7 and seizure of the very evidence that led to the criminal charge[] against him" after
8 pleading no contest to that charge. *Leon*, 2013 WL 5487543, at *4 n.6 (describing
9 *Lockett*).

10 Defendants attempt to distinguish *Lockett* on grounds that the criminal docket for
11 Buras's case reflects a minute entry that "Defendant stipulates to factual basis for plea."
12 Ex. 5 to Req. for Judicial Notice at 3.[2] However, the record in *Lockett* is silent as to
13 whether there was a stipulated factual basis for the plea in that case, and Defendants have
14 therefore not established that the case is distinguishable on that basis. Moreover, the cited
15 minute entry does not reveal to which facts Buras stipulated, and Defendants have cited no
16 authority for their assertion that a stipulated factual basis for the plea necessarily implies
17 that "BURAS also stipulated to the non-existence of facts that Officer SIWY's 'search
18 incident to arrest' that discovered the meth was violative of the Fourth Amendment; that
19 Officer SIWY's attempted standing search of BURAS was violative of the Fourth
20 Amendment; and that the traffic stop was violative of the Fourth Amendment." Mot. at 22.
21 This Court cannot draw these inferences when, as required, it views the record in a light
22 most favorable to Buras.

23 Accordingly, following *Lockett*, the Court DENIES Defendants' motion for
24 summary judgment based on *Heck v. Humphrey*.
25 //
26 //
27
28 _____
   [2] Defendants' unopposed request for judicial notice is GRANTED.

4

## II. Defendant City of Santa Rosa

Defendants also argue that Defendant City of Santa Rosa is entitled to summary judgment because Buras has presented no evidence to support a finding of municipal liability. Buras asserts only a § 1983 claim against the City, and it is well-established that:

> a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Buras seeks to rely on *City of Canton v. Harris*, 489 U.S. 378 (1989), which he cites as standing for the proposition that "plaintiffs are able to show municipal liability by pointing to various failures on the part of the municipality, such as failures to adequately investigate, train, supervise or discipline their employees." Opp'n at 27. However, he ignores the Supreme Court's holding that "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton*, 489 U.S. at 388. This is because "[o]nly where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *Id.* at 389.

Here, in addition to conceding that Officer Siwy received "many hours of training," Opp'n at 29, Buras presents no evidence of deliberate indifference. Instead, he relies only on his counsel's assertions – which are not evidence – that the internal investigation into Buras's use of force allegations was "shockingly inadequate." Opp'n at 27. This is insufficient to survive a motion for summary judgment. In the absence of any evidence of the required "policy or custom," this Court GRANTS Defendants' motion for summary judgment as to Defendant City of Santa Rosa.

5

**CONCLUSION**

For the above reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' motion for summary judgment. The motion is GRANTED only as to Defendant City of Santa Rosa.

**IT IS SO ORDERED.**

Dated:  08/17/16

THELTON E. HENDERSON
United States District Judge